IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA ANN COULES, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 26-cv-3324 |
| | ) | |
| v. | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This case has been assigned to the calendar of Judge Jeffrey I. Cummings. Plaintiff's *ex parte* motion for leave to conduct expedited discovery and for electronic service of process, (Dckt. #12), is denied without prejudice in light of the Seventh Circuit's recent opinions in *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026) and *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, -- F.4th ---, 2026 WL 1502198 (7th Cir. May 29, 2026).

To begin, in *Liu*, the Court vacated the district court's entry of default judgment because the "evidence upon which the district court relied [for establishing personal jurisdiction] show[ed] only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place." *Id*. at 1093. Specifically, the evidence in *Liu* consisted "of screenshots of [defendant seller's] website showing the checkout page with the infringing product, a Chicago shipping address, and the estimated total, but not a completed purchase." *Id*. Relying on *NBA Props., Inc.*, *v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) and *Curry v. Revolution Lab'ys*, LLC, 949 F.3d 385, 400 (7th Cir. 2020), the Seventh Circuit explained that such evidence was insufficient to establish personal jurisdiction. Here, plaintiff has submitted the same type of evidence, i.e., screenshots of defendants' websites showing the checkout pages, but not completed purchases. (Dckt. #12-1). Accordingly, before this case may proceed, plaintiff must file either an amended complaint or a supplemental submission establishing a basis for personal jurisdiction as to each defendant.

Moreover, in *Kangol*, the Seventh Circuit held that the Hague Service Convention "prohibits service by email in China." *Kangol*, 2026 WL 1502198, at *6. The Court acknowledged, however, that the Convention does not apply if the defendant's address is unknown. *Id*. at *4. "[C]ourts handling Schedule A cases typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Id*., quoting *NBA Props., Inc.*, *v. P'ships and Unincorporated Ass'ns Identified in Schedule "A"*, 549 F.Supp.3d 790, 796 (N.D.Ill. 2021).

Here, plaintiff has not made a proper showing that she has made reasonably diligent efforts to ascertain and verify each defendant's mailing address. Indeed, plaintiff's counsel's declaration in support of such efforts includes only conclusory and generic assertions regarding the defendants listed in Amended Schedule A. (*See e.g.*, Dckt. #13-2 at 2 ("Past investigation and discovery of online marketplace accounts reveals that Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability and rely primarily on electronic communications to communicate with their third-party service providers and customers.") & 3 ("An investigation of the internet stores operating under the Defendant Internet Stores identified in Amended Schedule A to the Complaint shows that few, if any, provide a reliable physical address on the internet store.")). These "bare assertions regarding the reliability of Defendant[s]' publicly available address[es] are not a substitute for actual diligence." *NBA Props.*, 549 F.Supp.3d at 796. As such, if plaintiff ultimately files a renewed motion for electronic service, she must include the specific, diligent efforts taken to determine the physical address (and the outcome of those efforts) as to each defendant.

For all of these reasons, plaintiff's motion for leave to conduct expedited discovery and for electronic service of process, (Dckt. #12), is denied without prejudice. If an amended complaint or supplemental statement consistent with this order and Seventh Circuit precedent is not filed by 7/10/26, this action may be dismissed without prejudice for lack of personal jurisdiction. *See Enduring Love Int'l Church v. Williams*, No. 23-CV-1120-PP, 2024 WL 3553979, at *2 (E.D.Wis. July 26, 2024) ("Although *sua sponte* dismissal of claims for lack of personal jurisdiction is generally disfavored, district courts retain discretion to depart from that principle"). Tracking status hearing set for 8/14/26 at 9:00 a.m. (to track the case only, no appearance is required).

**Date: June 24, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**