**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEBRA ANN COULES, | Case No.: 1:26-cv-03324 |
| Plaintiff, | Judge Jeffrey I. Cummings |
| v. | Magistrate Judge M. David Weisman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL STATEMENT AND MOTION FOR EXTENSION OF TIME PURSUANT TO ORDER [15]**

Plaintiff, DEBRA ANN COULES ("Plaintiff"), respectfully submits this supplemental statement and motion for extension of time pursuant to Order [15]. On June 24, 2026, this Court denied without prejudice Plaintiff's motion for expedited discovery and electronic service of process and directed Plaintiff to file, by July 10, 2026, either an amended complaint or supplemental statement consistent with the Seventh Circuit precedent as to personal jurisdiction and service of process as set in *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026) and *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026). In response, Plaintiff hereby states as follows:

**A. Personal Jurisdiction is Proper as to the Defendants on Amended Schedule A**

The defendants identified on Amended Schedule A [11], which have not been dismissed, accepted orders from customers located in Illinois for the infringing products at issue. Each defendant has participated in at least one transaction in which an order for an infringing product was accepted from, processed, and shipped to a customer with an Illinois address. *See* **Exhibit 1**.

1

These Illinois sale receipts demonstrate each defendant's purposeful availment of the Illinois market and establish a concrete basis for the exercise of personal jurisdiction over each defendant.

**B. Plaintiff Requests a 30-Day Extension of Time to Address Service of Process Under the Hague Convention**

Plaintiff has undertaken a per-Defendant investigation to determine whether a physical address can be ascertained through reasonably diligent efforts, as *Kangol* requires. For each Defendant, Plaintiff has reviewed the address the Defendant disclosed to its online marketplace and is searching that address in Google and Google Maps and, because the disclosed addresses are in Chinese, in the leading Chinese-language mapping service, Baidu Maps, and searching the PRC enterprise registry by both the disclosed address and the storefront name. Those efforts are intended to separate the Defendants whose physical addresses remain unknown after diligent efforts, for whom electronic service is proper under *Kangol*, from any Defendant with an ascertainable, deliverable physical address and as to whom Plaintiff will pursue service under the Hague Convention.

That investigation is substantially underway but is not yet complete as to every remaining Defendant. Plaintiff therefore respectfully requests thirty (20) days, up to and including August 10, 2026, to complete these efforts and prepare the analysis necessary to address the Court's inquiry. Plaintiff therefore requests that the Court grant this motion and extend the deadline to file a supplemental response, as it relates to service of process under *Kangol*, until August 10, 2026.

DATED: July 10, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 10, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt

4