**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEBRA ANN COULES,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-03324

Judge Jeffrey I. Cummings

Magistrate Judge M. David Weisman

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF PLAINTIFF'S EX PARTE**
**MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

I, Keith A. Vogt, declare as follows:

1. I am an attorney at law, duly admitted to practice before the courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am counsel for Plaintiff, Debra Ann Coules ("Coules" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. I submit this Declaration to authenticate and describe the results of the pre-suit investigation conducted in this matter and the completed purchases made from each of the ten Defendants that remain in this action.

3. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine or authorized products. Each Defendant operates as a third-party seller on the Amazon.com online marketplace and transacts with the public exclusively through electronic means.

4. Defendants go to great lengths to conceal their identities and often use fictitious names and addresses to register and operate their Amazon seller accounts. Upon information and belief, Defendants regularly create new online marketplace accounts using the identities listed in First Amended Schedule A, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by online infringers to conceal their identities and avoid being shut down.

5. There are similarities among the Defendant Internet Stores. The Defendant listings offer home décor and related products, including metal tin signs, bath rugs, and doormats, bearing infringing reproductions of Plaintiff's floral illustrations. These similarities suggest that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

6. As part of the pre-suit investigation, an actual completed purchase of an infringing product was made from each of the ten Defendant Internet Stores that remain in this action. Each purchase was made through the Defendant's Amazon storefront, was paid for, and was placed for shipment to a customer address in the State of Illinois. Each of these purchases was completed on November 6, 2025, which is before this action was filed on March 26, 2026. True and correct records of these completed purchases, including the order numbers, order dates, and amounts paid, are filed as Exhibit 1 to Plaintiff's Supplemental Statement [17].

7. The ten completed purchases are summarized below. The numbering follows Amended Schedule A [11] so that each entry corresponds to the records filed as Exhibit 1 to [17].

| No. | Seller Alias (Defendant) | Amazon Order Number | Total Cost |
|---|---|---|---|
| 2 | SuLianShangMao126 | 114-4069032-0832204 | $8.59 |
| 4 | huxinxin Store | 114-6930527-6000247 | $19.93 |

2

| No. | Seller Alias (Defendant) | Amazon Order Number | Total Cost |
|---|---|---|---|
| 5 | LiBenHong74 | 114-8476681-5803431 | $9.91 |
| 11 | 济南华春茂服装商贸有限公司 | 114-8727541-5608263 | $11.59 |
| 19 | xiaoweiss | 114-3940100-1702669 | $14.30 |
| 23 | YYSGG | 114-2197552-0981040 | $20.40 |
| 30 | HuLianXinXiKeJi | 114-8807685-3308230 | $14.90 |
| 31 | XIUBLANKET | 114-9005425-1357046 | $15.17 |
| 42 | baoooll | 114-2946114-1399402 | $23.07 |
| 44 | 范书柜收纳 | 114-4065653-1011403 | $20.20 |

8. Each Defendant listed above sold and shipped its infringing product to a customer address in Illinois. Past investigation of the Defendant online marketplace accounts also reveals that Defendants appear to have provided incomplete or unreliable physical-address information to Amazon.

9. Notwithstanding the unreliability of the physical-address information, each Defendant, as an operating Amazon seller, must maintain an operative electronic-mail account and electronic communication channel to receive order notifications and customer messages, to receive platform communications from Amazon, and to manage its seller account and receive payment. Because Defendants operate entirely online and transact with the public exclusively by electronic means, electronic notice sent to the e-mail addresses associated with the Defendant Internet Stores is a reliable method by which Defendants may be apprised of these proceedings.

10. Each of the accused products sold by the Defendants uses, or is derived from, the distinctive creative content protected by one or more of the Debra Coules Works. Plaintiff has not licensed or authorized any Defendant to use the Debra Coules Works, and none of the Defendants is an authorized retailer of genuine products bearing those works.

3

11. By the accompanying Ex Parte Motion, Plaintiff seeks a temporary restraining order, a temporary asset restraint, expedited discovery, and leave to provide notice of further proceedings by electronic means under Rule 65(a)(1). Plaintiff does not by that Motion seek an order authorizing formal service of process under Rule 4(f)(3), and reserves any such request for a later motion that will present the specific, per-defendant address-diligence showing described in the Court's June 24, 2026 Order [15].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10, 2026.
*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*